CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 2 3 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case Nos. 7:14CR00050-03; |
| | ) | 7:15CR00013-01 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JULIO CESAR RIVERA ROSALES, | ) | By: Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

On September 2, 2015, the defendant, Julio Cesar Rivera Rosales, was sentenced to a term of imprisonment of 151 months for his role in a conspiracy to distribute methamphetamine. That same day, the court revoked the defendant's supervised release and imposed a consecutive 24-month revocation sentence. The defendant has now filed a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines. For the following reasons, the motion must be denied.

Pursuant to its statutory authority, the United States Sentencing Commission amended the Drug Quantity Table in § 2D1.1 of the Sentencing Guidelines, which provides the base offense levels for most controlled substance offenses (Amendment 782). Amendment 782 took effect on November 1, 2014. The Sentencing Commission also decided that, effective November 1, 2015, the amended guideline provisions will apply retroactively to defendants who were sentenced under prior versions of the guidelines and who are still incarcerated. The practical effect of the Sentencing Commission's actions is that certain federal defendants convicted of offenses involving controlled substances may be eligible for a reduction in their current sentences, pursuant to 18 U.S.C. § 3582(c)(2).

In this case, the defendant's guideline range for the conspiracy offense was calculated using the November 1, 2014 edition of the Sentencing Guidelines, which incorporated

Amendment 782. Accordingly, the defendant already received the benefit of the Amendment, and is not eligible for a reduction of the 151-month term of imprisonment imposed for that offense. See 18 U.S.C. § 3582(c)(2) (authorizing a reduction "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission").

To the extent the defendant seeks a reduction of the 24-month sentence imposed upon revocation of his term of supervised release, Amendment 782 has no bearing on that sentence. The revocation sentence was based on the defendant's noncompliance with his conditions of supervision, rather than the Drug Quantity Table contained in § 2D1.1 of the Sentencing Guidelines. Consequently, a reduction is not authorized under § 3582(c)(2), since the amendment does not have the effect of lowering the guideline range that the court considered in imposing the revocation sentence. Additionally, a reduction of the revocation sentence would be inconsistent with the relevant policy statement issued by the Sentencing Commission, which provides that "[t]his section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release." U.S.S.G. § 1B1.10, cmt. n.7(A).

For these reasons, the defendant's motion for reduction of sentence based on Amendment 782 must be denied. The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

DATED: This 23rd day of November, 2016.

                                                  /s/ [signature]
                                                  Chief United States District Judge